**IN THE UNITED STATES COURT FOR THE DISTRICT OF KANSAS**

SUSAN POLISTINA-WRIGHT,                    )
individually and on behalf of others        )
similarly situated                          )
                                            )
      **Plaintiff,**                        )     **Case No.**
                                            )
v.                                          )
                                            )
SCRIPTPRO, LLC                              )
                                            )
      **Defendant.**                        )

---

**COLLECTIVE ACTION COMPLAINT**

---

## I.     INTRODUCTION

1. This is a collective action for age discrimination under the Age Discrimination in Employment Act, 29 U.S.C. § 621. In May 2025, Defendant ScriptPro, LLC ("ScriptPro") engaged in a reduction-in-force, offering either voluntary or involuntary separation packages impacting approximately 124 company employees, including Plaintiff and the putative class.

2. Plaintiff brings suit individually and on behalf of all other similarly situated ScriptPro employees to recover compensatory damages (back and front pay), equitable relief as appropriate, liquidated damages, attorney fees and costs, and any other relief the Court deems just and appropriate.

## II.    PARTIES, JURISDICTION, AND VENUE

3. Plaintiff Susan Polistina-Wright is a citizen of Kansas. Her consent to join this action is attached as "Exhibit A".

4. Plaintiff has filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and received a Notice of Right to Sue letter from the agency on January 9, 2026.

5. This action is timely filed within 90 days of receipt of the Notice letter.

6. Defendant ScriptPro LLC ("ScriptPro" or the "Company") is a pharmaceutical company headquartered in Mission, Kansas. ScriptPro can be served via its registered agent, Michael E. Coughlin, at 5828 Reeds Road, Mission, KS 66202.

7. Jurisdiction of this action is conferred on the Court by Age Discrimination in Employment Act ("ADEA") 29 U.S.C. §§ 621 and 626(b); and 28 U.S.C. § 1331.

8. Venue is proper pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims at issue occurred within this District.

## III.    FACTS

9. Defendant ScriptPro is an employer covered by the ADEA.

10. Plaintiff worked for ScriptPro from 2013 to May 2025 as a Buyer.

11. Plaintiff is over the age of 40 years old.

12. Plaintiff performed her job satisfactorily.

13. In May 2025, the Company underwent a reduction in force, which upon information and belief affected approximately 124 employees.

14. Some employees were offered voluntary separation packages, while others were offered involuntary separation packages.

15. Plaintiff was involuntarily terminated as part of the reduction-in-force.

16. Plaintiff was treated less favorably than other, younger, similarly situated employees.

17. Younger employees within Plaintiff's department and across the company-wide RIF were retained while older employees were terminated.

18. Plaintiff's position, for example, was eliminated and then re-hired with an individual who, while over 40 themselves, was still over 10 years Plaintiff's junior.

19. The criteria the Company used for the RIF appears to have discriminated against older workers, including Plaintiff and other members of the putative class.

20. Any legitimate, non-discriminatory reason the Company may offer for the RIF is merely pretextual.

21. The Company was willful in its violations of the ADEA.

## IV.    COLLECTIVE ACTION ALLEGATIONS

22. Plaintiff incorporates by reference the preceding paragraphs as if fully set forth herein.

23. Plaintiff brings this action as a collective action pursuant to 29 U.S.C. § 626(b), which incorporates the collective action procedures outlined under the Fair Labor Standards Act ("FLSA") § 216(b).

24. Plaintiff reserves the right to modify or amend the proposed class definition subject to additional information gained through further investigation and discovery.

25. Plaintiff's claim for violations of the ADEA may be brought and maintained as an "opt-in" collective action because putative class members are similarly situated to them.

26. Upon information and belief, there are at least 124 similarly situated employees who were terminated from ScriptPro who would benefit from the issuance of Court-supervised notice of the instant lawsuit and the opportunity to join the instant lawsuit.

27. There are questions of law and fact common to Plaintiff and others similarly situated , which predominate over any questions affecting individual members only. These factual and legal questions include, but are not limited to:

   a. Whether ScriptPro illegally used age as a motivating factor in its reduction-in-force in May 2025;

   b. Whether ScriptPro's actions were willful;

   c. Whether Plaintiff and putative class members are entitled to liquidated damages;

   d. Whether Plaintiff and putative class members are entitled to attorney fees, costs and expenses.

28. Plaintiff's claims are typical of the claims of the putative class in that Plaintiff and others similarly situated were terminated at least in part due to their age. This is the predominant issue that pertains to the claims of Plaintiff and the members of the putative class.

29. The collective action mechanism is superior to other available methods for a fair and efficient adjudication of the controversy.

30. Plaintiff will fairly and adequately protect the interests of the putative class, as her interests align completely with others similarly situated, i.e. to prove ScriptPro illegally discriminated against Plaintiff and the putative class with respect to age.

31. Plaintiff's counsel is experienced with class/collective litigation, has previously served as class counsel in FLSA litigation (the same procedural methods used here), and will adequately protect the interests of Plaintiff and others similarly situated.

32. Plaintiff and the proposed class they seek to represent have suffered, and will continue to suffer, irreparable damage from the illegal policies, practices and customs regarding ScriptPro's reduction-in-force.

## V.    CLAIM I:
### Violation of the Age Discrimination and Employment Act
### 29 U.S.C. § 621, et seq

33. Plaintiff incorporates by reference the preceding paragraphs as if fully set forth herein.

34. The ADEA prohibits discrimination on the basis of age in employment, and applies to all individuals over the age of 40.

35. The putative class includes all individuals of the approximately 124 employees terminated in the May 2025 reduction-in-force who are over the age of 40.

36. Plaintiff and the putative class performed their jobs satisfactorily.

37. Plaintiff and the putative class were discharged as part of a reduction-in-force.

38. Age was the motivating factor in discharging Plaintiff and the putative class.

39. Any reason offered to rebut this presumption is merely pretextual.

40. ScriptPro's actions were willful, and as a result, Plaintiff and the putative class are entitled to recover an award of liquidated damages in addition to their actual damages to be determined.

41. Because of ScriptPro's violations of law, Plaintiff and all others similarly situated are entitled to recover from ScriptPro attorney fees, litigation expenses and court costs, as well as such other legal and equitable relief as the Court deems just and proper.

## VI.    PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, individually and on behalf of all others similarly situated, respectfully request this Court:

a. Enter an order certifying Plaintiffs' claims brought under the Age Discrimination in Employment Act for treatment as a collective action;

5

b.  Designate Plaintiff as Class Representative;

c.  Appoint Grissom Miller Law Firm, LLC as class counsel;

d.  Award Plaintiffs and all others similarly situated compensatory damages in an amount to be determined through the length of trial;

e.  Award Plaintiffs and all others similarly situated liquidated damages in an amount equal to their compensatory damages;

f.  Award Plaintiffs and all others similarly situated all recoverable costs, expenses, and attorneys' fees incurred in prosecuting this action and all claims, together with all applicable interest; and

g.  Grant Plaintiffs and all others similarly situated all such further relief as the Court deems just and appropriate.

## VII.    JURY DEMAND

Plaintiff demands a jury trial on all issues so triable in Kansas City, Kansas.

Respectfully submitted,

**GRISSOM MILLER LAW FIRM, LLC**

*/s/ Conner Mitchell*
Barry R. Grissom, #10866
Conner Mitchell, D. Kan #79215
Jake Miller, #28337
1600 Genessee Street, Ste. 460
Kansas City, MO 64102
T – 816-336-1213
F – 816-384-1623
barry@grissommiller.com
cam@grissommiller.com
jake@grissommiller.com

*Attorneys for Plaintiffs and all others similarly situated*

7