**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **SUSAN POLISTINA-WRIGHT**, individually and on behalf of others similarly situated, | |
| Plaintiff, | Case No. 2:26-cv-02092 |
| v. | |
| SCRIPTPRO LLC, | |
| Defendant. | |

**DEFENDANT'S MOTION TO DISMISS AND MEMORANDUM IN SUPPORT**

Pursuant to Fed. R. Civ. P. 12(b)(6), Defendant ScriptPro LLC moves the Court for dismissal of Plaintiff's "Collective Action Complaint" for failure to state a claim upon which relief can be granted.  In support of this Motion, ScriptPro states:

**INTRODUCTION**

Plaintiff was an employee of ScriptPro until May 2025, when her employment was terminated as part of a company-wide reduction in force ("RIF").  Plaintiff was then 65 years of age.  Plaintiff's Complaint contains a single claim alleging a violation of the Age Discrimination and Employment Act ("ADEA"), 29 U.S.C. § 621, *et seq*., which she purports to bring both individually and as a "collective action" under the ADEA.  Plaintiff's Complaint contains only conclusory allegations of discrimination as to her and the putative class, which are insufficient to state a claim under federal pleading standards.

Plaintiff further fails to plead a plausible collective action under the ADEA because she has not alleged any facts demonstrating that she is "similarly situated" to other employees who were terminated as part of the RIF.  She also failed to exhaust administrative remedies because the

1

Charge of Discrimination Plaintiff filed with the EEOC did not allege class-wide discrimination. For these reasons, all claims in Plaintiff's Compliant should be dismissed.

## LEGAL STANDARD

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides a claim may be dismissed if it "fail[s] to state a claim for which relief can be granted."

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations and citations omitted); *see also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

If matters outside the pleadings are reviewed, the Court generally must convert a Rule 12(b)(6) motion to a Fed. R. Civ. P. 56 motion for summary judgment.  Fed. R. Civ. P. 12.

## STATEMENT OF FACTS

1.      Plaintiff alleges she was employed by ScriptPro from 2013 to May 2025 as a Buyer. ECF Doc. 1 at ¶ 10.

2.      Plaintiff alleges that in May 2025, ScriptPro engaged in a reduction in force

impacting approximately 124 company employees.  *Id*. at ¶ 1.

3. Plaintiff alleges she was involuntarily terminated as part of the RIF, and she was over 40 at the time.  *Id*. at ¶ 11 and 15.

4. Plaintiff was 65 at the time of her termination.  Declaration of Leslie Boston at ¶ 3, attached hereto as **Exhibit 1**.

5. Plaintiff alleges she "was treated less favorably than other, younger, similarly situated employees."  ECF Doc. 1 ¶ 16.

6. Plaintiff does not allege any facts as to how she was treated less favorably than younger employees, does not identify any such employees, or any facts indicating how such younger employees were "similarly situated" to Plaintiff (for example, their departments, positions, roles, job duties, supervisors, etc.).  See ECF Doc. 1, Complaint, generally.

7. Plaintiff alleges that after she was terminated her position was "re-hired with an individual who, while over 40 themselves, was still over 10 years Plaintiff's junior."  *Id*. at ¶ 18.

8. Contrary to Plaintiff's allegation, the employee hired for the buyer position previously held by Plaintiff was 59 years of age when hired, six years younger than Plaintiff at the time of her termination.  **Ex. 1**, Boston Declaration at ¶ 5.

9. Plaintiff alleges the "criteria the Company used for the RIF appears to have discriminated against older workers, including Plaintiff and other members of the putative class."  *Id*. at ¶ 19.

10. Plaintiff does not allege any facts about or regarding the "criteria" she contends was utilized by ScriptPro to determine who would be included in the RIF, or how that criteria discriminated against older workers.  See Doc. 1, Complaint, generally.

11. Plaintiff alleges ScriptPro "was willful in its violations of the ADEA", but she

alleges no facts to support this conclusion. *Id*. at ¶ 21.

12.     Plaintiff alleges her "claims are typical of the claims of the putative class", but she alleges no facts in support of that legal conclusion or otherwise demonstrating how her claim is "typical" as compared to any other putative class member's claim. *Id.* at ¶ 28.

13.     Plaintiff does not allege any facts demonstrating that she is "similarly situated" to any other member of the putative class.  See Doc. 1, Complaint, generally.

<u>ARGUMENT AND AUTHORITIES</u>

**I.      Plaintiff's Complaint fails to state a claim of age discrimination.**

Under the ADEA, it is "unlawful for an employer . . . to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age[.]" 29 U.S.C. § 623(a)(1).

"A plaintiff can prove an ADEA claim through direct or circumstantial evidence. Direct evidence demonstrates on its face that the employment decision was reached for discriminatory reasons.  If Plaintiff lacks direct evidence of [her] age discrimination claim, the Court must apply the burden-shifting framework set out in *McDonnell Douglas v. Green*." *Romero v. Kansas Heavy Constr., L.L.C.*, 2:24-CV-02134-JAR, 2025 WL 2240855, at *4 (D. Kan. Aug. 6, 2025) (internal quotation marks and citations omitted).  Under the *McDonnell Douglas* framework, "the elements of a prima facie age discrimination case are typically that the plaintiff was (1) within the protected class of individuals 40 or older; (2) performing satisfactory work; (3) terminated from employment; and (4) replaced by a younger person, although not necessarily one less than 40 years of age." *Id*.  However, in order to rely on age difference between plaintiff and her replacement to establish prima facie case under ADEA, the age difference must be "sufficiently substantial to raise inference of age discrimination", and "**an age difference of less than ten years is not sufficiently substantial**." *Roberts v. Winder*, 16 F.4th 1367, 1384–85 (10th Cir. 2021) (quoting

*Frappied v. Affinity Gaming Black Hawk, LLC*, 966 F.3d 1038, 1058 (10th Cir. 2020)).

"Conclusory allegations will not be considered sufficient to state a claim under federal anti-discrimination statutes, and a plaintiff must allege some facts identifying who committed the discriminatory acts, when these acts occurred, and why these facts show that the plaintiff was treated differently than other similarly situated employees." *Kilmas v. Am. Nat'l Ins. Co.*, 2023 WL 3854088, at *2 (N.D. Okla. June 6, 2023) (citing *Khalik v. United Air Lines*, 671 F.3d 1188, 1193-94 (10th Cir. 2012). "An employee is similarly situated if [she] shares the same supervisor, is subject to the same standards governing performance evaluation and discipline, and has similar relevant employment circumstances, such as work history." *Throupe v. Univ. of Denver*, 988 F.3d 1243, 1252 (10th Cir. 2021) (citations omitted). A bare conclusion that the plaintiff is "similarly situated" to other employees is insufficient under federal pleading standards. "While we do not mandate the pleading of any specific facts in particular, a plaintiff must include enough context and detail to link the allegedly adverse employment action to a discriminatory or retaliatory motive with something besides 'sheer speculation.' A plaintiff should have—and must plead—at least some relevant information to make the claims plausible on their face . . . A plaintiff's assertion that she is 'similarly situated' to other employees is just a legal conclusion—and a legal conclusion is never enough." *Bekkem v. Wilkie*, 915 F.3d 1258, 1274–75 (10th Cir. 2019) (internal quotation marks and citations omitted).[1]

Here, Plaintiff does not allege any facts regarding her termination other than she was part of the company-wide RIF and, after she was terminated, the company refilled the role with a younger employee. But, contrary to Plaintiff's allegations, the new employee was 59 years old at

---

[1] *Hwang v. Kansas State Univ.*, 753 F.3d 1159, 1165 (10th Cir. 2014) (alleging other employees are "similarly situated" without detail is conclusory); *Ross v. Pentair Flow Techs., Inc.*, 19-2690-SAC, 2020 WL 1028304, at *4 (D. Kan. Mar. 3, 2020) (holding that conclusory allegations that a plaintiff is "similarly situated" should be disregarded).

5

the time of hiring, a mere six (6) years Plaintiff's junior. Under Tenth Circuit law, an age difference of less than 10 years is not sufficiently substantial to establish prima facie case of discrimination under ADEA. *Roberts*, 16 F.4th at 1384–85.

Plaintiff also fails to allege any facts as to how (or when) she "was treated less favorably than other, younger, similarly situated employees" (*Id*. at ¶ 16). She does not allege any information about these unknown younger employees from which the Court could infer that they are "similarly situated" to Plaintiff, such as the department they worked in, the job they performed, who their supervisor was, the standards by which their performance was evaluated, or any facts as to how they were more favorably treated. As set forth above, a bare allegation that a plaintiff is "similarly situated" to other employees is just a legal conclusion—and a legal conclusion is "never enough." *Bekkem*, 915 F.3d at 1274–75.

For these reasons, Plaintiff's Complaint does not state a plausible claim for age discrimination under the ADEA and should be dismissed.

## II.   Plaintiff's Complaint fails to allege facts sufficient to state a collective action claim under the ADEA.

Collective actions under the ADEA are authorized by 29 U.S.C. § 626(b). That section explicitly borrows the opt-in class mechanism contained in the Fair Labor Standards Act at 29 U.S.C. § 216(b). Section 216(b) permits collective actions where the representative plaintiff is "similarly situated" to other complaining employees.

As with her individual claim of discrimination, Plaintiff does not allege a single fact demonstrating how ScriptPro allegedly discriminated against any other employee included in the RIF, or how she is "similarly situated" to any member of the putative class, other than having been included in the RIF. She has not alleged that any member of the putative class worked in the same department or for the same supervisor, who made the decision to terminate the employee, or the

6

evaluation methods or criteria used for such decision. Thus, she has not alleged that any other employee was terminated as pursuant to a single decision, policy or plan. *Thiessen v. GE Capital Corp.*, 267 F.3d 1095, 1102 (10th Cir. 2001) (stating a complaint alleges that a class is "similarly situated" under the FLSA when it includes "substantial allegations that the putative class members were together the victims of a single decision, policy, or plan"); *Smith v. Pizza Hut, Inc.*, 2018 WL 3068058 (D. Colo. July 14, 2011) ("To state an FLSA collective action claim, a complaint must allege facts sufficient to create the plausible inference that there is a group of individuals similarly situated to Plaintiff."). As set forth above, a bare conclusion that the plaintiff is "similarly situated" to other employees is insufficient under federal pleading standards. Accordingly, Plaintiff has failed to plead a plausible "collective action" under the ADEA.

III.   **Plaintiff failed to exhaust administrative remedies for a collective action claim under the ADEA.**

"Before bringing a civil action under the ADEA, a plaintiff must have filed a timely charge of age discrimination with the EEOC. The purpose of this filing requirement is to give the EEOC an opportunity to resolve the dispute through conciliation and to give notice of the alleged violation to the defendant. In appropriate circumstances, however, most courts permit similarly situated individuals to join the action of a plaintiff even though the individual has not filed his or her own EEOC charge, so long as at least one plaintiff has complied with the filing requirements of § 626(d). This is commonly referred to as the 'single filing' rule." *Thiessen.*, 996 F. Supp. at 1074-75. However, "[i]n order for individuals in a collective action to invoke the single-filing rule, the **filed charge must contain an allegation of class-wide discrimination** sufficient to give the defendants notice of potential class claims." *Id*.

On August 26, 2025, Plaintiff filed a Charge of Discrimination with the EEOC. A copy of

7

the Charge is attached hereto as **Exhibit 2**, and the Court may take judicial notice thereof.[2]

Plaintiff's Charge does not include any allegation of class-wide discrimination by ScriptPro. Rather, Plaintiff's Charge includes information (1) regarding her separation agreement and release, (2) that she was not provided with demographic information when she signed the separation agreement and release, and (3) that ScriptPro advertised to rehire her petition after she signed her separation agreement. The Charge contained no information at all regarding any alleged discrimination against Plaintiff, let alone any allegation of class-wide discrimination by ScriptPro.

Because Plaintiff's Charge did not include an allegation of class-wide discrimination sufficient to give ScriptPro (and the EEOC) notice of the collective nature of the charges, Plaintiff's collective action claim should be dismissed.

<u>**CONCLUSION**</u>

For the foregoing reasons, Defendant ScriptPro LLC respectfully requests that Plaintiff's Complaint be dismissed, with prejudice, and for such other relief as the Court deems appropriate.

Dated: May 5, 2026                    Respectfully submitted,

ROUSE FRETS WHITE GOSS
GENTILE RHODES, P.C.

By: /s/ *Brett C. Randol*
Brett C. Randol        KS #17212
R. Scott Beeler        KS #10118
5250 W. 116th Place, Suite 400
Leawood, Kansas 66211
Telephone: 913-387-1600
Facsimile: 913-928-6739
sbeeler@rousepc.com
brandol@rousepc.com
ATTORNEYS FOR DEFENDANT

---

[2] The Court may take judicial notice of an EEOC charge referenced in, but not attached to, the Complaint, without converting a motion to dismiss into a motion for summary judgment. *See e.g., Anderson v. Ford Motor Co.*, 21-2097-DDC-TJJ, 2021 WL 4453569, at *1 (D. Kan. Sept. 29, 2021).

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on May 5, 2026, the foregoing was electronically filed with the Clerk of Court via the CM/ECF system, which will send a notice of electronic filing to the all counsel of record.

*/s/ Brett C. Randol*