## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**SUSAN POLISTINA-WRIGHT**,
individually and on behalf of others similarly
situated,

                  Plaintiff,

v.

SCRIPTPRO LLC,

              Defendant.

Case No. 2:26-cv-02092

### DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS

Defendant ScriptPro LLC submits the following reply to Plaintiff's Memorandum in

Opposition to ScriptPro's Motion to Dismiss:

I.      **The Court may consider the Declaration of Leslie Boston under Rule 12(d).**

Plaintiff first argues that ScriptPro's Motion should be denied because the arguments rely,

in part, on the Declaration of Leslie Boston.  The sole purpose of the Declaration was to state the

age of the person hired to fill the position previously held by Plaintiff – the new employee was 59

years old when hired, just 6 years younger than Plaintiff at the time of her termination.[1]  This is

critical because under controlling Tenth Circuit law an age difference of less than 10 years does

not raise an inference of age discrimination under *McDonnell Douglas*.  *Roberts v. Winder*, 16

F.4th 1367, 1384–85 (10th Cir. 2021).

Reliance on matters outside the pleadings does not require denial of a motion to dismiss.

Rather, the Court may apply the summary judgment standard after giving the parties "a reasonable

opportunity to present all the material that is pertinent to the motion." Rule 12(d).  This is a low

---

[1] In her Complaint, Plaintiff incorrectly speculated that the new employee was "over 10 years Plaintiff's junior."
Complaint at ¶ 18.

bar here because, as stated, the only new fact presented in Boston's Declaration is the age of the person hired to fill Plaintiff's former position.  The employee's age will not present a genuinely disputed fact because it is readily verified by documents provided during the hiring process. ScriptPro does not oppose providing Plaintiff with additional information to confirm the new employee's age, to the extent that would allow the Court to consider Boston's Declaration in determining the Motion to Dismiss.

If the Court elects to exclude the Declaration from its consideration, the Motion should still be granted because Plaintiff's remaining allegations are either (1) conclusory (and therefore must be ignored) or (2) "so general that they encompass a wide swath of conduct, much of it innocent" which fails to "nudge" the claims "across the line from conceivable to plausible." *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012) (citations omitted).

**II.     Plaintiff's conclusory allegations are insufficient under *Twombly* and *Iqbal*.**

Plaintiff continues to rely solely on conclusory allegations of discrimination – she has not identified any <u>facts</u> she has pled (or could plead) to state a plausible claim that she was terminated because of her age.

In *Khalik*, the Tenth Circuit provided a road map for analysis of a discrimination complaint under *Twombly* and *Iqbal*. When that analysis is applied here, it leads to the conclusion that Plaintiff has failed to state a plausible claim of age discrimination and her Complaint should be dismissed.

First, the Complaint must contain enough *allegations of fact* to state a claim that is plausible on its face – conclusory statements and labels are disregarded.  671 F.3d at 1190.  The *Khalik* Court explained that "plausibility refers to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs

have not nudged their claims across the line from conceivable to plausible." *Id*. at 1191 (citations and quotation marks omitted).

Next, the *Khalik* Court explained that although the plaintiff is not required to "establish a prima facie case in her complaint, the elements of each alleged cause of action help to determine whether Plaintiff has set forth a plausible claim." *Id*. at 1192 (citations and quotation marks omitted). Thus, the starting point is to identify "the elements a plaintiff must prove to establish a claim for discrimination[.]" *Id*. A plaintiff proves a violation of Title VII either by direct evidence of discrimination or by following the *McDonnell Douglas* burden shifting framework. *Id*. Therefore, under *Twombly/Iqbal*, while a plaintiff is not required to establish a prima facia case, the plaintiff is nonetheless required to allege facts – not conclusions – that plausibly satisfy the elements of a cause of action created by the statute. *Id*. at 1193.

In *Khalik*, the Court disregarded the following allegations as conclusory: "(1) she was targeted because of her race, religion, national origin and ethnic heritage; (2) she was subjected to a false investigation and false criticism; and (3) Defendant's stated reasons for the termination and other adverse employment actions were exaggerated and false, giving rise to a presumption of discrimination, retaliation, and wrongful termination." *Id*. Disregarding those allegations, the Court found the following factual allegations to be insufficient to state a claim of discrimination: "(1) Plaintiff is an Arab–American who was born in Kuwait; (2) Plaintiff's religion is Islam; (3) Plaintiff performed her job well; (4) Plaintiff was grabbed by the arm in the office; (5) Plaintiff complained internally about discrimination; (6) Plaintiff also complained internally about being denied FMLA leave; (7) Plaintiff complained about an email that described a criminal act; and (8) Defendant terminated Plaintiff's employment position." *Id*. The Court explained that these "are the type of conclusory and formulaic recitations disregarded by the Court in *Iqbal*. Plaintiff's

3

general assertions of discrimination and retaliation, without any details whatsoever of events leading up to her termination, are insufficient to survive a motion to dismiss. While specific facts are not necessary, some facts are." *Id*. at (citations and quotation marks omitted). In other words, there was nothing "other than sheer speculation to link [plaintiff's] termination to a discriminatory or retaliatory motive." *Id*. at 1193-94.

As demonstrated in *Khalik*, it is not enough for a plaintiff to allege she is in a protected class and performed her job satisfactorily, coupled with sheer speculation and conclusory allegations that she was terminated because of her age. But that is all Plaintiff has done here. Her allegation that ScriptPro "was willful in its violations of the ADEA"[2] is conclusory. Her allegation that the RIF criteria "appears to have discriminated against older workers"[3] is pure speculation unsupported by any well-pleaded facts. Likewise, she has conclusively alleged she was "similarly situated" to younger employees who were treated more favorably,[4] but has not pled any facts to support that she was (1) similarly situated or (2) that younger employees were treated differently. And, while Plaintiff alleged her position was later filled by a younger employee, her speculation about that person's age was wrong. The new employee was merely 6 years younger than Plaintiff, which does not raise an inference of age discrimination under *McDonnell Douglas*.

Thus, there are no well-pleaded facts in the Complaint demonstrating a *plausible* claim that Plaintiff was terminated because of her age.

### III.    Plaintiff's conclusory allegation she is "similarly situated" to other terminated employees is insufficient to state a ADEA collective action.

Plaintiff likewise fails to identify any well-pleaded <u>facts</u> sufficient to state a collective action claim under the ADEA. Plaintiff relies solely on her conclusory allegation that she is

---

[2] Compliant at ¶ 21.
[3] *Id*. at 19.
[4] *Id*. at 16.

"similarly situated" to other employees in the RIF who were over 40.  But, "[t]o state an [ADEA] collective action claim, a complaint *must allege facts* sufficient to create the plausible inference that there is a group of individuals similarly situated to Plaintiff."  *Smith v. Pizza Hut, Inc.*, 2018 WL 3068058 (D. Colo. July 14, 2011) (emphasis added).  A bare conclusion that the plaintiff is "similarly situated" to others just based on age is not enough.  *Bekkem v. Wilkie*, 915 F.3d 1258, 1274–75 (10th Cir. 2019) ("A plaintiff's assertion that she is 'similarly situated' to other employees is just a legal conclusion—and a legal conclusion is never enough.'").[5]

Plaintiff's Complaint also does not include "substantial allegations that the putative class members were together the victims of a single decision, policy, or plan" as required for a collective action.  *Thiessen v. GE Capital Corp.*, 267 F.3d 1095, 1102 (10th Cir. 2001).  She alleges an event – the company-wide reduction in force – but does not identify any specific decision, policy or plan implemented as part of the RIF to target older individuals similarly situated to Plaintiff.  *Cf. Williams v. Sprint/United Mgmt. Co.*, 222 F.R.D. 483, 485-88 (D. Kan. 2004)  (granting conditional class certification at the notice stage where first amended complaint contained detailed allegations, supported by affidavits, demonstrated that the plaintiffs were similarly situated to other employees who were terminated during a reduction in force as a result of the defendant's alleged pattern and practice of discriminating against older workers).

Simply put, Plaintiff's conclusory allegation that she is "similarly situated" to other employees in the RIF simply on the basis of age is insufficient to state a collective action under the ADEA.

## IV.     Plaintiff failed to exhaust administrative remedies for a collective action claim under

---

[5] *Hwang v. Kansas State Univ.*, 753 F.3d 1159, 1165 (10th Cir. 2014) (alleging other employees are "similarly situated" without detail is conclusory); *Ross v. Pentair Flow Techs., Inc*., 19-2690-SAC, 2020 WL 1028304, at *4 (D. Kan. Mar. 3, 2020) (holding that conclusory allegations that a plaintiff is "similarly situated" should be disregarded).

5

**the ADEA.**

The ADEA requires a plaintiff to exhaust administrative remedies before filing suit. "[T]he purpose of this filing requirement is to give the EEOC an opportunity to resolve the dispute through conciliation and to give notice of the alleged violation to the defendant." *Thiessen.*, 996 F. Supp. at 1074-75. Plaintiff does not dispute that "[i]n order for individuals in a collective action to invoke the single-filing rule, the filed charge must contain an allegation of class-wide discrimination sufficient to give the defendants notice of potential class claims." *Id*.

Even a cursory review of Plaintiff's EEOC charge confirms there are no allegations of class-wide discrimination. Nevertheless, Plaintiff argues that her charge made clear she believed ScriptPro "discriminated against me or others." This is arguably misleading, because the quoted text is simply part of the pre-printed EEOC form (Form 5). The form contains the following sentence above the section where the employee is required to state the name of the employer: "Named below is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency that I believe discriminated against me or others."[6] There is nothing about this pre-printed language found on every single Form 5 in use at the time that would put ScriptPro or any other employer on notice of a claim of class wide age discrimination. If that were true, then every single charge using this EEOC form would sufficiently provide notice of a claim of class-wide discrimination, which is not the law.

Plaintiff next relies on her statement that ScriptPro failed to provide demographic information to employees in the RIF who were offered voluntary or involuntary separation agreements. While that information may have put ScriptPro on notice it failed to provide required information, it in no way suggests or implies "an allegation of class-wide discrimination sufficient

---

[6] Plaintiff's EEOC charge is Exhibit 2 to ScriptPro's Motion to Dismiss.

to give [ScriptPro] notice of potential class claims." *Thiessen.*, 996 F. Supp. at 1074-75.  This is particularly true given that none of the claims in Plaintiff's Complaint arise out of or relate to the failure to provide demographic data in connection with employee separation agreements.

In short, Plaintiff's EEOC charge did not contain an allegation of class-wide discrimination sufficient to give ScriptPro notice of potential class claims and, therefore, her collective action claim should be dismissed.

**V.    Leave to amend should be denied because Plaintiff has not identified any new or additional facts she could or would allege to cure her pleading deficiencies.**

Plaintiff argues the Court should permit leave to amend *after discovery* "if the Court concludes that additional detail is required."  It was incumbent on Plaintiff to include sufficient facts in her Complaint to state a plausible claim for relief – she is not entitled to a discovery fishing expedition based on a deficient pleading.  And, while plaintiffs often seek leave to amend when faced with a Rule 12(b)(6) motion, in this instance the Plaintiff has not filed a motion for leave, has not attached a proposed amended complaint, and has not even identified any new, different or additional facts she would allege to cure her deficient pleading.

Leave to amend is properly denied where, as here, the plaintiff fails to identify any additional facts it would allege to cure her deficient pleading.  "Where a plaintiff fails to identify additional facts or legal theories he would assert or otherwise specify how amendment would cure the pleading deficiencies in a manner which would survive dismissal, leave to amend is rightfully denied."  *Taggart v. United States Dep't of Justice*, 2017 WL 1862324, at *6 (E.D. Pa. May 9, 2017); *See, e.g., Midwest Operating Engineers Pension Tr. Fund v. Alkermes Pub. Ltd.*, 2021 WL 5782079, at *5 (2d Cir. Dec. 7, 2021) (affirming denial of leave to amend because "[w]ithout identifying specific changes, it [was] unclear what additional non-conclusory allegations [Plaintiff] could plead"); *In re Allergan Erisa Litig.*, 975 F.3d 348, 357 (3d Cir. 2020) (affirming

denial of leave to amend and dismissal of claims with prejudice when plaintiffs failed to identify what modifications they would make to their complaint); *Puri v. Khalsa*, 674 Fed. Appx. 679, 685 (9th Cir. 2017) ("[G]iven the plaintiffs' failure to identify additional facts they would plead to cure this defect were they given leave to amend, the court did not abuse its discretion by dismissing the claim with prejudice.").

Plaintiff's arguments make clear she has no additional facts to bolster her speculative and conclusory claim that she was terminated because of her age.  Having failed to demonstrate how she would cure her deficient Complaint, Plaintiff's motion for leave to amend should be denied. At a minimum, leave to amend should be denied with respect to the "collective action" because no amendment can cure Plaintiff's insufficient EEOC charge and failure to exhaust administrative remedies.

**CONCLUSION**

For the foregoing reasons, Defendant ScriptPro LLC respectfully requests that Plaintiff's Complaint be dismissed, with prejudice, and for such other relief as the Court deems appropriate.

Dated: June 15, 2026                          Respectfully submitted,

> **ROUSE FRETS WHITE GOSS**
> **GENTILE RHODES, P.C.**
>
> By: /s/ *Brett C. Randol*
> Brett C. Randol          KS #17212
> R. Scott Beeler          KS #10118
> 5250 W. 116th Place, Suite 400
> Leawood, Kansas 66211
> Telephone: 913-387-1600
> Facsimile: 913-928-6739
> sbeeler@rousepc.com
> brandol@rousepc.com
> ATTORNEYS FOR DEFENDANT

8

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 15, 2026, the foregoing was electronically filed with the Clerk of Court via the CM/ECF system, which will send a notice of electronic filing to the all counsel of record.

*/s/ Brett C. Randol*